REGAN, Judge.
Plaintiff, Roosevelt Haynes, owner and operator of a 1957 Ford sedan, and his sub-rogee collision insurer, Emmco Insurance Company, instituted this suit against the defendant, Emile L. Sevin, owner and oper *651 ator of a 1951 Chevrolet automobile, endeavoring to recover the sum of $231.85, representing property damage incurred by the plaintiff’s automobile as a result of a collision between the two vehicles which occurred on March 5, 1958, in the neutral ground roadway of Elysian Fields Avenue at Milton Street in the City of New Orleans. Plaintiff insisted that the proximate cause of the accident was the negligence of the defendant.
Defendant answered and denied that he was negligent and then reconvened to recover the sum of $135, representing property damage incurred by his vehicle as a result of the collision. He asserted that the accident was caused solely by the plaintiff’s negligence, and in the alternative, pleaded his contributory negligence.
From a judgment dismissing the main and the reconventional demand, plaintiff has prosecuted this appeal.
The record reveals that Elysian Fields is a boulevard composed of two wide roadways, separated by a neutral ground. These roadways service ascending and descending traffic. Milton Street runs in an uptown-downtown direction and intersects and crosses Elysian Fields.
On March 5, 1958 at approximately 3:30 p. m. plaintiff Haynes was driving his automobile in Milton Street, moving in- an uptown direction and toward Elysian Fields Avenue. When he reached this avenue, he stopped in obedience to a sign located on the downtown side of Milton Street, and after observing that there was no traffic approaching from the direction of the river, he drove almost across Elysian Fields Avenue before the accident occurred.
The defendant prior to the accident had been driving along Milton Street in a downtown direction, and then crossed the uptown Elysian Fields roadway and entered the neutral ground passageway at an angle to the left of the center thereof. He intended to execute a left turn into Elysian Fields Avenue.
Plaintiff, as we said hereinabove, successfully crossed most of the downtown Elysian Fields roadway, although four or five feet of the rear of his automobile extended into the downtown Elysian Fields roadway when he realized that an accident was imminent. Plaintiff then applied his brakes but at that time was unable to avoid the accident. The vehicles collided resulting in damages to the left front of each.
Plaintiff testified he saw the defendant for the first time when he was in the lake-bound roadway of Elysian Fields Avenue. A passenger in plaintiff’s automobile, Whitney Dabney, very pertinently related that he noticed the defendant in the neutral ground roadway when they were stopped at the sign in Milton Street.
The defendant related he did not see the automobile of plaintiff at any time before the accident occurred. He did not look straight ahead while his vehicle was stopped in the neutral ground area because “I kept looking to the right (into Elysian Fields Avenue) to see if I could go ahead and make my turn.” Plaintiff and his passenger confirmed this portion of defendant’s testimony, except that they insist that defendant’s vehicle was in motion when the collision occurred.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously concluded that both operators of the respective vehicles were negligent in not observing each other until a moment before the collision occurred; and therefore, reasoned that the proximate cause of the accident was the concurring negligence of both drivers.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testi *652 mony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge believed that the concurring negligence of the respective operators of the vehicles was the proximate cause of the •accident and our analysis of the record convinces us that the evidence preponderates to the effect that neither operator saw what they were legally required to observe under the existing circumstances and the judgment is therefore correct.
Affirmed.